NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel., DES (SIRENA SIMONE DENNIS),
*Petitioners/Appellees*,

*v.*

BRIAN GREGORY LIGHTLE, *Respondent/Appellant*.

No. 1 CA-CV 25-0686 FC

FILED 07-02-2026

Appeal from the Superior Court in Maricopa County
No.  FC2011-053076
The Honorable John R. Doody, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alejandra Valdez
*Counsel for Petitioner/Appellee State of Arizona*

Sirena Simone Dennis, Parker, CO
*Petitioner/Appellee*

S. Alan Cook PC, Phoenix
By S. Alan Cook
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

C A T T A N I, Judge:

¶1        Brian Lightle ("Father") appeals from an order modifying his child support obligation.  Because of anomalies in the superior court's child support worksheet, we vacate the award and remand for recalculation.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Father and Sirena Dennis ("Mother") have one child in common, born in 2011.  The two share joint legal decision-making, but Father exercises no parenting time.

¶3        Mother petitioned to modify child support in July 2024.  At that time, Father's support obligation was $1,353.53 per month.  Mother asserted that Father's employment had changed and his income had increased substantially, warranting an increase in child support.  In response, Father requested a reduction in his support obligation, denying a change in his own income but alleging that Mother understated her income and overstated the child's expenses.

¶4        Father's income, Mother's income, and childcare expenses were disputed issues at the resulting evidentiary hearing, at which both Mother and Father testified.  After taking the matter under advisement, the superior court calculated Father's new child support obligation as $1,963 per month.  The court calculated Father's income based on the adjusted gross income shown on his 2024 tax return (intended to capture Father's self-employment income and VA disability benefits) plus his future expected earnings from a 20% ownership interest in a newly formed business.[1]  The court used the hourly pay rate reflected on Mother's pay

---

[1]        The court used the same income figure, less the future expected earnings, to calculate Father's obligation from the effective date of the modification (the month following service of Mother's petition) to the month following the ruling, when the current support obligation would begin.  *See* A.R.S. § 25-327(A); *see also* A.R.S. § 25-503(E).

stub to calculate her income. Over Father's objection, the court included the ongoing $350 per month that Mother paid for childcare for their teenage child.

**¶5**        Father and Mother filed motions to alter or amend the judgment, which the superior court denied. Father timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I.        Child Support Modification.

**¶6**        In Arizona, all child support obligations are determined under the Arizona Child Support Guidelines, which calculate an overall amount of support and each parent's proportionate share. A.R.S. § 25-320 app. ("Guidelines") § I(A). An existing child support obligation may be modified upon a showing of a substantial and continuing change in circumstances, including circumstances in which the Guidelines amount varies at least 15% from the existing support order. A.R.S. § 25-327(A); Guidelines § XIV(A), (C)(1)(a). We review an order modifying child support for an abuse of discretion. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). We accept the superior court's factual findings unless clearly erroneous but review its legal conclusions de novo. *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590–91, ¶ 8 (App. 2018). We defer to the superior court's credibility assessments. *Nia v. Nia*, 242 Ariz. 419, 423–24, ¶ 14 (App. 2017).

**¶7**        Father challenges the superior court's findings as to several criteria relevant to calculation of support under the Guidelines: each party's income, adjustments to child support income based on children from other relationships, and adjustments to the basic support obligation for childcare expenses. As described below, one anomalous adjustment to child support income requires vacatur of the award and remand for recalculation. *See infra* ¶¶ 8–10. We also briefly address Father's other arguments concerning issues that may recur on remand. *See infra* ¶¶ 11–18.

### A.        Adjustments to Child Support Income.

**¶8**        Under the Guidelines, a parent's income for purposes of determining child support is reduced to account for support paid for children of other relationships. *See* Guidelines § II(B)(2)(c)–(d). The amount deducted is either the amount the parent actually pays in court-ordered support for the other child or, for the primary residential parent of the other child, an amount based on a simplified application of the Guidelines. *Id.*

¶9 The superior court here included two such adjustments. The parties did not dispute that Father had another son who lives with him, so the court properly included an other-child deduction for Father based on a simplified application of the Guidelines.[2] *See* Guidelines § II(B)(2)(d).

¶10 But the court also included an other-child deduction of $4,900 for Mother, even though Mother confirmed that she had no children from other relationships. The record reveals no apparent explanation for this deduction, and it appears contrary to the superior court's intended calculation, which (accurately) listed "0" other children for Mother. This deduction, which is not supported by the record, substantially skews the parties' combined income (and thus their combined support obligation) as well as their proportionate, income-based shares of that obligation. *See* Guidelines § I(A) (Steps 1, 3, 5, 6). Accordingly, we vacate the modified child support award and remand for recalculation.

## B. Child Support Income.

¶11 Father asserts that the superior court erred in calculating both his and Mother's income. Income under the Guidelines includes gross income from any source. Guidelines § II(A)(1)(b). Among other sources, this may include a parent's wages, military disability benefits, and earnings from self-employment or business ownership. *See* Guidelines § II(A)(1)(b), (e). Income for child support purposes is not necessarily equivalent to income for tax purposes. *See* Guidelines § II(A)(1)(a).

### 1. Father's Income.

¶12 Father asserts that the superior court substantially overstated his income by including non-recurring income and an unsupported estimate of his future business earnings. The superior court's ruling reflects an intent to base Father's income on three sources: (1) his self-employment income as an independent contractor for a corporation, (2) his VA disability compensation, and (3) for purposes of current support, his expected future income as a 20% owner of a newly formed LLC. The court calculated this amount based on the adjusted gross income shown on Father's 2024 tax return (ostensibly to capture his self-employment income and VA disability

---

[2] Father appears to suggest that the superior court erred in some unspecified manner with regard to the other-child deduction in his favor. Father does not meaningfully develop this argument, so it is waived. *See* ARCAP 13(a)(7)(A); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009).

benefits) plus $500 per month in expected earnings as a 20% owner of the LLC.

¶13            Father initially argues that the income calculated by the court was artificially inflated because his 2024 tax return included more than $44,000 from a one-time liquidation of a 401(k).  Complicating matters, although the parties and the superior court seem to assume the 2024 return was in evidence, Father's 2024 tax return was never admitted in evidence, leaving this court without record evidence to meaningfully review this issue.  The copy of the 2024 return attached to Father's motion to alter or amend, although not in evidence, does reflect more than $44,000 in income from "[p]ensions and annuities," and Father testified at trial that those funds resulted from total liquidation of his 401(k).

¶14            Assuming the superior court credited Father's testimony in this regard, the Guidelines grant the court discretion to consider even non-continuing income as income for child support purposes.  *See* Guidelines § II(A)(1)(d).  Nevertheless, the court's written ruling suggests that it did not intend to include funds from Father's 401(k) in its income calculation.  The court has discretion to adjust the calculation accordingly on remand.

¶15            Although the court's ruling correctly stated that Father's income should include his monthly VA disability benefits, *see* Guidelines § II(A)(1)(b), those benefits are not taxable.  Accordingly, those benefits were not included in the income number the court drew from Father's tax return.  The court likewise has discretion on remand to include these amounts in the child support income calculation.

¶16            Father next asserts that the superior court lacked an adequate evidentiary basis to include $500 per month in anticipated future earnings from his 20% ownership interest in the LLC.  Although the newly formed LLC apparently reported a loss for its first year, Father testified that he expected to earn future income from the LLC.  Notwithstanding uncertainty as to the amount, Father suggested the LLC would net $30,000 over the next year "off of what we have": existing multi-year contracts with front-loaded expenses, which resulted in a loss for the first year but would generate income in future years.  Father confirmed that, based on existing information, his 20% share would be approximately $6,000 per year.

¶17            To be sure, Father's estimate of future business income necessarily involved some degree of uncertainty.  But his testimony provided an adequate basis for the superior court's inclusion of $500 per month going forward.  *See* Guidelines § II(A)(1)(e).  Given the passage of

time and because we vacate the child support award for other reasons, the superior court on remand may, in its discretion, consider additional evidence to determine Father's actual business income from the LLC.

### 2.    Mother's Income.

**¶18**          Relying on the total compensation reflected on Mother's year-end paystub, Father argues that the superior court understated Mother's income.   That paystub, however, included categories of compensation beyond full-time employment (e.g., overtime, bonus, reimbursement).   The Guidelines direct that child support income "generally does not include more income than earned through full-time employment," although the court has discretion to include additional sums under certain circumstances.   Guidelines § II(A)(3).   Consistent with that directive, the superior court here calculated Mother's full-time income based on her hourly wage.   The court's child support worksheet, however, includes an apparent typo—listing Mother's hourly wage as $28.24 as opposed to the $28.84 reflected on her paystub.   The court on remand should recalculate with the correct hourly wage to ensure Mother's actual income is reflected.

### C.    Adjustments to the Basic Child Support Obligation: Childcare Expenses.

**¶19**          Finally, Father argues the superior court erred by including $350 in childcare costs as an adjustment to the basic combined child support obligation, asserting that Mother failed to provide proof of payment and that childcare is unnecessary in any case given the child's age.   But Mother testified to that expense and explained that such care was necessary given her working hours and the child's needs.   *See* Guidelines § III(B)(4). Although Father expressed a different view, the superior court could properly credit Mother's testimony, and we defer to that assessment.   *See Nia*, 242 Ariz. at 423–24, ¶ 14.

## II.    Attorney's Fees on Appeal.

**¶20**          Father requests an award of his attorney's fees and costs on appeal under A.R.S. § 25-324.   Having considered the relevant factors and in the exercise of our discretion, we deny his request.

**¶21**          Arguing that Father's appeal lacked substantial justification, Mother requests an award of attorney's fees and costs under A.R.S. § 12-349 and ARCAP 25.   Given our disposition of the matter (and noting that Mother was self-represented on appeal and thus did not incur recoverable fees), we deny her request.

**CONCLUSION**

**¶22** We vacate the modified child support awards (both the current support order and the interim order beginning on the effective date of modification) and remand for recalculation.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR